## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**McDANIEL CONTROLS, INC.**                    **CIVIL ACTION NO.**

**VERSUS**                                                    **04-1669**

**TEXAS GAUGE & CONTROLS, INC.**          **SECTION "B"(5)**

### ORDER & REASONS

Before the Court is a "Motion to Dismiss, or, in the Alternative, Transfer Venue or Stay" (Rec. Doc. No. 34) filed by Defendants Michael G. Hamilton ("Hamilton") and Sam M. Ditta ("Ditta"). The motion was filed on March 11, 2005 and noticed for hearing on March 30, 2005 on the briefs. The Court has reviewed the applicable law, pleadings, and attachments, and is now fully advised and ready to rule. Accordingly,

**IT IS ORDERED** that Defendants Hamilton's and Ditta's Motion to Dismiss, or, in the Alternative, Transfer Venue or Stay (Rec. Doc. No. 34) is hereby **DENIED**.

### *BACKGROUND*

On October 12, 2004, Texas Gauge & Controls, Inc. ("Texas Gauge") filed a motion seeking dismissal under Rules 12(b)(2), (b)(3), (b)(6), and (b)(7), to transfer pursuant to 28 U.S.C. § 1404(a) and 1406(a), and for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Because Texas Gauge raised certain of the jurisdictional and venue issues in that motion, the parties took limited depositions of Hamilton and Ditta in

1

Houston on October 26, 2004.

The Court conducted oral argument on Texas Gauge's motions on December 8, 2004, and rendered an Order denying both motions in their entirety on December 9, 2004.  In so doing, the Court addressed the issue of whether or not the Court possessed personal jurisdiction over Hamilton and Ditta such that they could be joined in order to avoid dismissal under Rule 12(b)(7) for failure to join indispensable parties.

After the Court denied Texas Gauge's motions, Texas Gauge voluntarily dismissed its parallel lawsuit in Texas.  On December 27, 2004, the Texas Court dismissed Texas Gauge's parallel lawsuit without prejudice.  *See* Rec. Doc. No. 36, exhs. 3, 4.

On February 10, 2005, McDaniel Controls, Inc.  ("McDaniel") moved for leave to file its First Amended and Restated Complaint ("Amended Complaint").  The Court granted leave to McDaniel to file the Amended Complaint on February 16, 2005, and it was filed into the record the same day.  The Amended Complaint added Hamilton and Ditta as Defendants, and, in addition, Stewarts USA.  The Amended Complaint also added claims for breach of contract, bad faith breach of contract, tortious interference with contract, and patent infringement and/or inducement to infringe.

Texas Gauge answered the Amended Complaint on February 28, 2005, and Stewarts USA answered the Amended Complaint on March 11, 2005.  Hamilton and Ditta, however, also filed the instant Motion to Dismiss or, in the Alternative, to Transfer Venue or Stay (Rec. Doc. No. 34).

### *DISCUSSION*

2

## I. PERSONAL JURISDICTION

Hamilton and Ditta admit that the Court has adjudicated the issue of the Court's personal jurisdiction over them when it addressed the issue of joinder in the December 9, 2004 Order. They further admit that they only filed the instant motion with the intent to "preserve their rights."  Rec. Doc. No. 34, n.1.  Specifically, they note the following in the instant motion:

> [We] note that the issues of whether this Court lacks personal jurisdiction and venue over Hamilton and Ditta were raised as part of the motion to dismiss or transfer filed by co-defendant Texas Gauge & Controls, Inc. ("Texas Gauge"). However, at the time of filing of Texas Gauge's motion to dismiss or transfer, neither Hamilton nor Ditta were named as parties in this action, nor were they before the Court.  The Court denied Texas Gauge's motion to dismiss and transfer on December 8, 2004.  Subsequently, Plaintiff filed its [Amended Complaint] naming both Hamilton and Ditta as defendants.  As a result, Hamilton and Ditta file this Motion to preserve their rights.

*Id*. Consequently, the Court must determine if the analysis differs as applied specifically to Hamilton and Ditta, who are now properly before the Court, contesting the Court's jurisdiction.

The Fifth Circuit has previously held that the question of jurisdiction over potential parties is decided first by a court determining the question of indispensable parties:

> [T]he question of indispensable parties is inherent in the issue of federal jurisdiction, the determination of which should never await a decision on the merits if the complaint states a cause of action.  Jurisdictional questions come first in the orderly disposition of a case.  A precarious jurisdiction that limits the scope of judicial decision on the merits cannot be entertained.

*Calcote v. Texas Pac. Coal & Oil Co.*, 157 F.2d 216, 218 (5th Cir.), *cert. denied*, 329 U.S. 830, 91 L. Ed. 704, 67 S. Ct. 356 (1946); *see also Jeff v. Zink*, 362 F.2d 723, 726 (5 th Cir. 1966), *cert. denied* 385 U.S. 987, 17 L. Ed. 2d 448, 87 S. Ct. 600 (1966) ("[T]he law is clearly settled that in diversity cases the question of indispensable parties is inherent in the issue of federal

jurisdiction[.]").  Thus, the Court was required to address the issue of personal jurisdiction over Hamilton and Ditta as a prerequisite to the inquiry of whether they could be joined in the action or whether the action had to be dismissed for failure to join indispensable parties.  On this issue, the Court ruled "that Hamilton and Ditta purposely availed themselves of the benefits and protections of Louisiana by establishing the minimum contacts with Louisiana."  Trans. of Dec. 8, 2004 Hearing, at 27, ll. 6-14.  The Court further explained that if "Hamilton and Ditta were acting at least in part as patent owners in the Glo Gauge technology, then the Court would have transactional jurisdiction over the two."  *Id*. at 26-27.  Further, the Court stated that "[a]t a very minimum, their patent ownership and alleged negotiations on behalf of Texas Gauge, for an exclusive assignment of the patents would financially benefit the two patent holders and their company."  *Id*. at 27.

The Court's previous determination was not binding on Hamilton or Ditta because they were not parties to the instant action at the time that the ruling was rendered.  *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 100, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968).  Given Hamilton's and Ditta's concession that the issue is precisely the same as that formerly litigated by Texas Gauge on its behalf, however, the Court need not revisit its analysis and simply incorporates the reasons rendered orally in open court here as to Hamilton and Ditta who now appear personally before it.  Accordingly, the Court denies Hamilton's and Ditta's motion for the reasons given orally in open court explaining why joinder of Hamilton and Ditta was permissible.

Plaintiff bears the burden of establishing the Court's personal jurisdiction over the

4

Defendant in the context of a motion to dismiss for lack of personal jurisdiction.  *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).  The Court begins with an analysis of the forum state's long arm statute.  "A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a forum state court."  *Trinity Indus. v. Myers & Assocs.*, 41 F.3d 229, 230 (5th Cir. 1995).   The Court, therefore, applies the law of the host state, in this case Louisiana law, to analyze whether Louisiana's long arm statute, La. Rev. Stat. § 13:2301 (West 2005), permits the exercise of personal jurisdiction.  It is well settled that the Louisiana long arm statute,  La. Rev. Stat. § 13:2301 (West 2005), provides for jurisdiction coterminous with the limits of the Due Process Clause of the United States Constitution.  *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990);  La. Rev. Stat. § 13:2301 (West 2005) ("[A] court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of the state and of the Constitution of the United States.").

The Court accordingly progresses directly to an analysis of the second inquiry concerning constitutional Due Process.  "[T]he constitutional test is only two-pronged.  The defendant must have some minimum contacts with the state resulting from an affirmative act or acts on its part, and it must not be unfair or unreasonable to require the nonresident defendant to defend the suit in the forum."  *C&H Transp.  Co., Inc. v. Jensen and Reynolds Constr. Co.*, 719 F.2d 1267, 1269 (5th Cir. 1983).

"The 'minimum contacts' prong of the inquiry may be subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction.

5

*Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).  The court properly exercises specific

jurisdiction "when the nonresident's contact with the forum state arise from or are directly

related to the cause of action."  *Marathon Oil Co. v. Ruhrgas*, 183 F.2d 291, 295 (5th Cir. 1999).

Specific jurisdiction also arises when a nonresident enters into business transactions with a

member of the forum state.  *Mink v. AAAA Development, L.L.C.*, 190 F.3d 333, 336 (5th Cir.

1999).  The court properly exercises general jurisdiction "when the nonresident's contacts with

the forum state, even if unrelated to the cause of action, are continuous, systematic, and

substantial."  *Id*. (quoting  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408,

415-16, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984)).

The present case involves a claim of specific jurisdiction over the Defendants.  *See* Rec.

Doc. No.36, at 10 ("Here, the undisputed evidence shows clearly that this Court may exercise

specific jurisdiction over Hamilton and Ditta.").  Plaintiff must prove three elements to establish

specific jurisdiction: (1) Hamilton and Ditta each "purposefully directed" acts to Louisiana; (2)

the alleged injuries of Plaintiff "arise out of" or "relate to" these acts; and (3) the exercise of

jurisdiction would not violate principals of fairness and substantial justice.  *Hanson v. Denckla*,

357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958); *World-Wide Volkswagen Corp. v.

Woodson*, 444 U.S. 286, 291-92, 100 S. Ct. 559, 564, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

Plaintiff argues that Hamilton and Ditta testified that, after an initial telephone

conversation with Beach McDaniel, III, they traveled to Luling, and then to New Orleans, in

connection with the negotiation of the License Agreement relating to the Glo Gauge.  *See* Rec.

Doc. No. 12, exh. A (Hamilton Depo. at 84-95; Ditta Depo. at 74-78).  It is undisputed that

6

Hamilton and Ditta met with several representatives of McDaniel, Inc. at McDaniel's Louisiana offices and made a presentation to the company and its representatives concerning the Glo Gauge.  Plaintiff further alleges that Hamilton and Ditta continued to negotiate with McDaniel and its representatives within Louisiana to license the Glo Gauge and to create an on-going business relationship with McDaniel.  Further, Plaintiff alleges that Hamilton and Ditta, as well as Texas Gauge, formed a contractual relationship within Louisiana.  Plaintiff alleges that the negotiations and further business transactions between the parties resulted from this ongoing business activity of Hamilton and Ditta within Louisiana.  As such, the parties' conduct constituted purposeful availment of the protections of Louisiana law sufficient to meet the Constitutional strictures on personal jursdiction.

Hamilton and Ditta, on the other hand, argue that any business activity conducted within Louisiana was done solely as representatives of Texas Gauge, not on behalf of themselves personally.  To this end, Hamilton and Ditta argue that the simple fact that Hamilton and Ditta are employees or officers of Texas Gauge does not tie Texas Gauge's minimal contacts with Louisiana to them.  *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985); *Constr. Aggregates, Inc. v. Senior Commodity Co.*, 860 F. Supp. 1176, 1179 (E.D. Tex. 1994), *aff'd*, 48 F.3d 531 (5th Cir. 1995).  The Court determines, however, that Hamilton and Ditta were not acting solely as employees of Texas Gauge when they transacted business within Louisiana. Hamilton and Ditta traveled to McDaniel's offices in Louisiana, at least in part, as individual patent owners of the Glo Gauge technology.  At a very minimum, their alleged patent ownership and negotiations on behalf of Texas Gauge for an exclusive assignment of the patents would

financially benefit them as patent owners of the technology involved in this dispute.  Their

negotiation of contract terms with McDaniel (and, incidentally, with Texas Gauge, itself) further

illustrates how they may have benefitted as individual patent owners and purposefully availed

themselves of the benefits and protections of Louisiana law.  Essentially, Hamilton and Ditta

make the conclusory allegation that they acted solely as employees of Texas Gauge.  McDaniel,

on the other hand, makes the uncontroverted allegation that they each acted to further personal

financial interests as an individual patent owner and/or licensor while conducting business with

McDaniel within Louisiana.  The Court finds McDaniel's argument persuasive.

   "[D]ue process requires only that in order to subject a defendant to a judgment *in

personam*,...he have certain minimum contacts with it such that the maintenance of the suit does

not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v.

Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*,

311 U.S. 457, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).  In evaluating the fairness and

reasonableness and fairness of asserting personal jurisdiction, the Court considers the following

factors: (1) the burden on the parties of litigating in a particular forum; (2) the interests of the

forum state; (3) the Plaintiff's interest in obtaining relief; and (4) the interests of the several

states.  *Bearry v. Beach Aircraft Corp.*, 818 F.2d 370, 377 (5th Cir. 1987) (citing *Asahi Metal

Indus. v. Superior Ct.*, 480 U.S. 102, 107 S. Ct. 1026, 1036, 94 L. Ed. 2d 92 (1987)).  Here,

litigating in the Eastern District of Louisiana is not unnecessarily burdensome on any of the

parties.  Most of the claims revolve around alleged contractual arrangements between the parties

exchanged between them from Texas and Louisiana.  Counsel for both parties may practice in

either Texas or Louisiana courts.  Louisiana, as the forum state, certainly possesses an interest in

ensuring that nonresident parties contracting with its residents honor contracts formed with them.

As the Court noted at oral argument on December 8, 2004, Plaintiff has an interest in pursuing

relief in the Eastern District of Louisiana, and the Court has no reason to upset the usual first to

file rule–particularly where, as here, the Defendants have voluntarily dismissed parallel litigation

in Texas.  Accordingly, the Court determines that it possesses personal jurisdiction over

Hamilton and Ditta.

## II.  VENUE

Hamilton and Ditta alternatively argue that venue in the Eastern District of Louisiana is

improper and that the Court should either dismiss the litigation or transfer the case to another

district.  Subject matter jurisdiction over this action is based on both diversity and federal

question jurisdiction.  Accordingly, venue over the action is proper in "a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred[.]"  28

U.S.C. § 1391(b).  Title 28, United States Code, Section 1404(a) recites the following with

respect to venue and transferring venue:

> For the convenience of the parties and witnesses, in the interests of justice, a
> district court may transfer any civil action to any other district or division where it
> might have been brought.

For transfer to be proper, therefore, both the convenience of the parties and the interests of

justice should augur in favor of the transfer.

The allegations in the complaint and the evidence offered by McDaniel after depositions

of Hamilton and Ditta establish that the following events or omissions occurred in this district:

> (1)  Hamilton and Ditta visited McDaniel's offices to make presentations concerning the Glo Gauge to representatives of McDaniel;
>
> (2)  Beach McDaniel, III, from Louisiana, negotiated the terms of the alleged license agreement with Hamilton;
>
> (3)  McDaniel allegedly performed its obligations under the alleged license agreement by manufacturing the Glo Gauge, receiving and filling orders for the Glo Gauge from Louisiana for delivery to other states, and advertising the Glo Gauge in published materials and on its website;
>
> (4)  Hamilton recruited Thomas Teachworth, one of McDaniel's national sales manager, while he was a resident and employee of this district, to work for Stewarts-USA, a company which Hamilton and Ditta allegedly organized.

Hamilton and Ditta claim that "Plaintiff's Complaint lacks any allegation that they, in their individual capacity, violated any alleged patent rights of Plaintiff..."  Rec. Doc. No. 34, at 11. This argument fails.  The Court has already determined that Hamilton and Ditta, at a minimum, wore multiple hats during the transactions with McDaniel and Texas Gauge because they acted, at least in part, as individual patent owners to whom financial benefits inured as a result of the negotiations.  In addition, the Court finds that a significant amount of events and/or omissions occurred within this district sufficient to make venue here proper.

## III.  STAY

Although Hamilton and Ditta style their motion as one "To Dismiss, or, in the alternative, Transfer Venue or Stay this Action," they make no substantive argument that the Court should actually stay this litigation in favor of other pending litigation.  The Court notes that the previously pending parallel litigation in Texas has been voluntarily dismissed without prejudice,

and there is no other litigation or reason which would warrant this Court's staying litigation at this time.

### *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that Defendants Hamilton's and Ditta's Motion to Dismiss, or, in the Alternative, Transfer Venue or Stay (Rec. Doc. No. 34) is hereby **DENIED**.

New Orleans, Louisiana, this the 27th day of July, 2005.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

11